UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM M. TYREE                ) C.A. 93-12260-NG
PRO SE                          )
                                )
V.                              )
                                )
WILLIAM F. WELD ET AL           )
DEFENDANTS                      )

2010 JAN 22 A 10:58  U.S. DISTRICT [COURT]  FILED IN CLERKS OFFICE

PLAINTIFFS PRO SE MOTION TO RECOVER COURT COSTS, ATTORNEY FEES, F.R.C.P., RULE 54(d), 42 USC, §1988, AND, MOTION FOR RECONSIDERATION, AND, OR JUDGMENT ON THE REQUESTED INJUNCTION, F.R.C.P., RULE 52(b), RULE 59(e), RULE 58, AND RULE 60

COMES NOW, WILLIAM M. TYREE, PRO SE, WHO MOVES THIS UNITED STATES DISTRICT COURT, (USDC), GERTNER, J., TO ALLOW THIS MOTION IN FULL, AND ORDER:

(1). REASONABLE ATTORNEY FEES TO PRO SE, WILLIAM M. TYREE, (TYREE), AND COURT COSTS PAID BY TYREE FROM OCTOBER 18, 1993, UNTIL FEB. 9, 2004, WHEN THE USDC APPOINTED BINGHAM-

McCUTCHEON, 150 FEDERAL STREET, BOSTON, MA., TO REPRESENT TYREE;

(2). THE USDC WILL REVIEW AND RULE ON THE INJUNCTION SOUGHT BY TYREE IN HIS 1993 COMPLAINT, SEE DOCKET ENTRY, (DE), AT DE-5. TYREE ALERTED THE USDC TO THE FAILURE OF COURT APPOINTED COUNSEL, BINGHAM-McCUTCHEON TO RAISE, AND ARGUE THE INJUNCTIVE RELIEF TYREE SOUGHT VIA THE ATTACHED MOTION AT EXHIBIT-1 ATTACHED. THIS IS NOW A LIVE ISSUE, AS THE USDC RULED THE DEFENDANTS DID VIOLATE THE FEDERAL CIVIL RIGHTS OF TYREE: PREVAILED ON THE MERITS.

RELEVANT PORTIONS OF THE USDC RULING OF JANUARY 12, 2010, IN TYREE V. WELD, ETAL, GERTNER, J.

"... PLAINTIFF PRISONERS SEEK DAMAGES FOR PAST VIOLATIONS OF THEIR CONSTITUTIONAL RIGHTS..." (AT PAGE 1). "... THE ISSUE ... HAS ALREADY BEEN DECIDED IN PRIOR LITIGATION ON STATE GROUNDS AND IS CATEGORICALLY REAFFIRMED HERE ON FEDERAL CONSTITUTIONAL GROUNDS: DEFENDANTS

HAVE VIOLATED PLAINTIFFS RIGHTS..."
(AT PAGE 2). "... VI. QUALIFIED
IMMUNITY. WEIGHING THE FACTORS
DISCUSSED IN THE PRECEEDING SECTION,
THE COURT CONCLUDED THAT, WHEN THE
FACTS VIEWED IN THE LIGHT MOST
FAVORABLE TO THE PLAINTIFFS, THE
DEFENDANTS HAVE FAILED THE
BALENCING TEST AND THUS HAVE
VIOLATED THE PLAINTIFFS RIGHTS UNDER
THE DUE PROCESS CLAUSE. BUT... THIS
IS AN ACTION FOR DAMAGES AND NOT
MERELY FOR INJUNCTIVE RELIEF..."
(AT PAGE 28). "... ONE GOOD RESULT OF
THE LITIGATION IN CONNECTION WITH THE
CONDITIONS IN PHASE III AND THE
EAST WING HAS BEEN THE OBLIGATIONS
OF THE STATE GOING FORWARD HAVE
BEEN CLARIFIED..." (AT PAGE 29). "...
VII. CONCLUSION. TAKING THE FACTS
IN LIGHT MOST FAVORABLE TO THE
PLAINTIFFS AS THE NON-MOVING
PARTIES, THEY HAVE ASSERTED A
COGNIZABLE LIBERTY INTEREST IN
AVOIDING TRANSFER TO PHASE III
OR THE EAST WING OF CEDAR JUNCTION.
MORE OVER, THEY HAVE ASSERTED
THAT THE DEFENDANTS PROVIDED
ESSENTIALLY NO DUE PROCESS AT

ALL BEFORE TRANSFERRING THEM... THEY HAVE ALLEGED THE DEPREVATION OF A CONSTITUTIONAL RIGHT..." (AT PAGE 30).

## LEGAL STANDARD FOR COURT COSTS AND ATTORNEY FEES

COURTS HAVE BROAD AUTHORITY TO MAKE §1988 AWARDS OF ATTORNEY FEES, SMITH V. ROBINSON, 468 U.S. 992, 1006 (1984). COURTS MAY GRANT ATTORNEYS FEES UNDER §1988, ONLY FOR ACTION TO ENFORCE ENUMERATED CIVIL RIGHTS STATUTES, NORTH CAROLINA DEPT. OF TRANS. V. CREST ST. COMMUNITY COUNCIL, 479 U.S. 6, 12 (1986). THE SUPREME COURT STATED THAT A PARTY MEETS THE PREVAILING PARTY REQUIREMENT, IF, AND ONLY IF, THE JUDGMENT [N.1] AFFECTS THE BEHAVIOR OF THE DEFENDANT TOWARDS THE PLAINTIFF, RHODES V. STEWART, 488 U.S. 1, 4 (1988)(PER CURIAM).

---

[N.1] NOTE: THE GERTNER RULING ABOVE, WAS SIGNIFICANT ENOUGH TO AFFECT HOW THE DEFENDANT TRANSFERS THE PLAINTIFF, (TYREE), INTO THE EAST WING OF CEDAR JUNCTION - AND WAS THE FIRST USDC RULING TO DO SO.

IN SHABAZZ V. COLE, 69 F. SUPP. 2d 210, 224 (USDC, MA. 1ST CIR. 1999), THE PRO SE MASSACHUSETTS INMATE DID RECEIVE $31.90, IN COURT COSTS, FOR COSTS INCURRED DRAFTING A SINGLE TWO PAGE MOTION. TYREE DRAFTED NUMEROUS PLEADINGS, SEE DE # 1; 2; 3; 5; 6; 7; 8; 14; 15; 17; 18; 23; 24; 25; 26; 27; 32; 34; 35; 36; 41; 42; AND 48, OVER A TEN YEAR PERIOD FROM OCT. 1993, TO FEB. 2004. TYREE KEPT THE CASE ACTIVE, AND MOVING FORWARD. TYREE FILED PLEADINGS, PRO SE, UP UNTIL 2008, SEE THE DOCKET ENTRIES. FOR A SPECIFIC BREAKDOWN OF ATTORNEY FEES, OR PARALEGAL FEES, WHICH TYREE IS NOW MOVING THIS USDC TO ALLOW, SEE THE ATTACHED AFFIDAVIT AT EXHIBIT-2. TYREE MOVES THIS USDC TO ORDER THAT TYREE RECEIVE $7,200.00 TOTAL, FOR 10 YEARS OF ATTORNEY, AND, OR PARALEGAL WORK. AT A RATE OF $3.00 PER HOUR x 5 HOURS PER WEEK = $15.00 PER WEEK. $15.00 PER WEEK x 52 WEEKS PER YEAR = $720.00 PER YEAR. $720.00 PER YEAR x 10 YEARS = $7,200.00 TOTAL. THE USDC WILL TAKE JUDICIAL NOTICE THAT ALTHOUGH TYREE WAS REPRESENTED BY COURT APPOINTED COUNSEL AFTER FEB. 2004, TYREE

FILED PRO SE PLEADINGS WITH THIS USDC AFTER FEB. 2004, SEE ATTACHED EXHIBIT-1, AS ONE EXAMPLE. EXHIBIT-1, AT PAGE 2, "<u>ALERTED</u>" THE USDC TO THE INJUNCTIVE RELIEF TYREE SOUGHT, WHICH COURT APPOINTED COUNSEL, DID <u>OVERLOOK</u>. SO TYREE DID FILE PRO SE PLEADINGS <u>AFTER</u> FEB. 2004. IN <u>HUDSON V. DENNEHY</u>, 568 F SUPP. 2d 125 (2008), THE USDC, STERNS, J., DID AWARD ATTORNEY FEES OF $100.00 PER HOUR, AND PARALEGAL FEES OF $90.00 PER HOUR. TYREE'S REQUEST FOR LEGAL FEE'S OF AT LEAST $3.00 PER HOUR, IS NOT <u>UNREASONABLE</u>. TYREE ARRIVED AT THE SUM OF $3.00 PER HOUR, AS THAT IS THE SUM OF MONEY PER DAY, TYREE WAS PAID TO DO PRISON <u>LABOR</u>: $3.00 PER DAY. GENERALLY SEE, <u>TENNESSEE GAS PIPELINE, CO. V. 104 ACRES</u>, 32 F3d 632, 634 (1st CIR. 1994), FOR DISCUSSION ON <u>REASONABLENESS</u>. TYREE POINTS TO THE INFORMATION ABOVE TO JUSTIFY HIS DEMAND FOR $7,200.00 IN LEGAL FEES: (1). 10 YEARS, (OR MORE), OF FILING PRO SE PLEADINGS; (2). TYREE FILED OVER 23 SEPERATE CASE RELATED PLEADINGS

ON FILE WITH THE USDC, INCLUSIVE OF THIS MOTION; (3). USDC RULED, IN THE FIRST OF ITS KIND DECISION, THAT PLACEMENT OF TYREE IN PHASE-III, DID VIOLATE THE DUE PROCESS RIGHTS OF TYREE. TYREE WON A SIGNIFICANT USDC DECISION, AND TYREE ONLY WON THAT DECISION, BECAUSE TYREE DID PURSUE THIS LITIGATION FOR 10 YEARS, FROM 1993, UNTIL 2004, WHEN THE USDC APPOINTED COUNSEL. EITHER TYREE ACTED AS AN ATTORNEY, OR AS A PARA-LEGAL, FOR 10 YEARS. TYREE IS ENTITLED TO THE AMOUNT OF $7,200.00, FOR THE TIME THAT TYREE INVESTED IN RESEARCH, AND WRITING OF HIS PRO SE PLEADINGS, WHICH HAVE CONCLUDED WITH A FINDING THAT THE DUE PROCESS RIGHTS OF TYREE WERE VIOLATED. IN ADDITION TO $7,200.00 FOR THE TIME TYREE INVESTED IN THIS CASE, TYREE ALSO MOVES THIS COURT TO ALLOW, AND ORDER THE DEFENDANTS TO PAY TYREE $2,016.99, IN COSTS TYREE PAID PRO SE, TO LITIGATE THIS CASE FOR AT LEAST 10 YEARS, FROM 1993-2004. THE COSTS FOR MATERIALS ARE SEEN IN THE AFFIDAVIT ATTACHED AT EXHIBIT-2, AND ARE BASED ON PRICES

FOUND CURRENTLY IN THE PRISON CANTEEN. PRISON CANTEEN PRICE LIST ALSO SEEN AT EXHIBIT-2:

$7,200.00 FOR PRO SE ATTORNEY-PARALEGAL SERVICES FROM 1993-2004.

$2,016.99 FOR SUPPLIES-MATERIALS USED TO RESEARCH, DRAFT, MAIL PRO SE PLEADING TO THE USDC.

$9,216.99 TOTAL, DEMANDED FROM DEFENDANTS.

"...SINCE THE PLAINTIFF HAS PREVAILED... IN RESPECT TO A SIGNIFICANT ISSUE IN THE LITIGATION, WE HOLD HERE AND NOW, IN HARMONY WITH A PRACTICE WHICH WE HAVE EMPLOYED SELECTIVELY IN THE PAST, THAT THE PLAINTIFF IS ENTITLED TO REASONABLE COUNSEL FEES AND COSTS..."[4] RODI V. VENTETUOLO, 941 F2d 22, 31 (1ST CIR. 1991). TYREE ADDS THE $9,216.99, IN PRO SE ATTORNEY, PARALEGAL, AND (MATERIAL) COSTS, WERE INCURRED DIRECTLY, AND REASONABLY IN THE ENFORCEMENT OF THE RELIEF SOUGHT IN THE 1983 ACTION.

## LEGAL STANDARD FOR REQUESTED INJUNCTIVE RELIEF WHEN THE COURT GRANTS QUALIFIED IMMUNITY TO THE DEFENDANTS

"... WHEN A CIVIL RIGHTS PLAINTIFF <u>ASKS</u> FOR AN INJUNCTION, HOWEVER, THE DEFENDANTS CANNOT ASSERT THIS QUALIFIED IMMUNITY DEFENSE -- THAT THEY REASONABLY DID NOT KNOW THEIR CONDUCT WAS ILLEGAL. HENCE, DEFENDANTS RIGHT TO SUMMARY JUDGMENT ON THE INJUNCTION DEMAND DEPENDS UPON WHAT DUE PROCESS LAW REALLY (AND CURRENTLY) IS, NOT UPON WHAT THE DEFENDANTS MIGHT THEN <u>REASONABLY</u> HAVE THOUGHT IT. HENCE, WE MUST ONCE AGAIN REVIEW THE RECORD, APPLYING THIS STRICTER STANDARD...." <u>NEWMAN V. BURGIN</u>, 930 F2d 955, 957 (1ST CIR. 1991)

THE USDC, GERTNER, J., RULED THAT THE PLACEMENT OF TYREE INTO PHASE-<u>III</u> - EAST WING OF CEDAR JUNCTION, <u>VIOLATED</u> THE DUE PROCESS RIGHTS OF TYREE, BUT AWARDED DEFENDANTS QUALIFIED IMMUNITY ON DAMAGES,

10

without ruling on the injunctive relief, which Tyree ALONE, had requested. LOGICALLY, IF THE PHASE III - EAST WING PLACEMENT OF TYREE WAS UNCONSTITUTIONAL, SO WAS THE SUBSEQUENT SEIZURE OF PROPERTY ITEMS FROM TYREE, ONCE TYREE WAS PLACED ILLEGALLY INTO THE PHASE-III EAST WING:

"...WE MUST ASK WHETHER THERE EXISTS A LIBERTY OR PROPERTY INTEREST WHICH HAS BEEN INTERFERED WITH BY THE STATE..." JOHNSON V. RODRIGUEZ, 943 F2d 104, 109 (1st Cir. 1991). "...THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION PROVIDES THAT NO STATE SHALL DEPRIVE ANY PERSON OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW..." COTNOIR V. UNIVERSITY OF MAINE, 35 F3d 6, 9 (1st Cir. 1994).

Tyree argues he is entitled to permanent injunctive relief, and return of his property at this time due to:

(1). USDC ruled placement of Tyree into Phase-III East Wing was

UNCONSTITUTIONAL;

(2). TYREE SUFFERED THE LOSS OF HIS PROPERTY AFTER BEING PLACED INTO PHASE-III EAST WING IN 1993;

(3). THE LOSS OF PROPERTY SUFFERED BY TYREE, WAS ONE OF THE ATTENUATING-COLLATERAL CIRCUMSTANCES TYREE SUFFERED, AS A RESULT OF THE UNCONSTITUTIONAL PLACEMENT OF TYREE INTO PHASE-III EAST WING;

(4). TYREE HAD AN INTEREST IN KEEPING HIS PROPERTY, SEIZED BY THE DEFENDANTS, WHEN TYREE WAS UNCONSTITUTIONALLY PLACED INTO PHASE-III EAST WING, WHICH THE STATE INTERFERED WITH, CONTRARY TO DUE PROCESS OF LAW;

(5). TYREE RAISED PROPERTY CLAIMS, SUBSTANTIAL AND PROCEDURAL DUE PROCESS CLAIMS PURSUANT TO DANIELS V. WILLIAMS, 106 S.CT. 662, 667-668 (1986), IN HIS 1993 COMPLAINT, INCLUSIVE OF PARAGRAPH-232, CITED IN THE COMPLAINT

"...AS THE RUBRIC ITSELF IMPLIES, PROCEDURAL DUE PROCESS IS SIMPLY A GUARANTEE OF FAIR PROCEDURE..."

SEE NEWMAN V. BURGIN, SUPRA., AT PAGE 961. "... IN OTHER WORDS, THE DUE PROCESS CLAUSE IMPOSES A FLOOR BELOW WHICH A STATE CANNOT DESCEND, NOT A LEVEL OF PERFECTION THAT A STATE MUST ACHIEVE..." IN RE BARACH, 540 F3d 82, 85, (1st CIR. 1991).

 TYREE WAS SIMPLY PLACED INTO PHASE-III EAST WING, AND HIS PROPERTY WAS SEIZED. THE STATE CLEARLY DESCENDED BEYOND THE FLOOR IMPOSED BY THE DUE PROCESS CLAUSE.

 SEE ATTACHED EXHIBIT-1, AT PAGE-4, FOOTNOTE-1, FOR THE PROPERTY ITEMS SEIZED ILLEGALLY FROM TYREE. AT THIS POINT IN TIME, TYREE ONLY SEEKS INJUNCTIVE RELIEF TO RETURN THE FOLLOWING ITEMS:

(1). 1- PERSONAL FIRE PROOF BLANKET; (WARMER THAN STATE ISSUED BLANKETS);

(2). 1- PANASONIC R435 WORD PROCESSOR TYPEWRITER WITH 6000-K MEMORY (CERTAIN INMATES WITH COURT ORDERS, HAVE WORD PROCESSORS WITHIN VARIOUS PRISONS OF THE STATE PRISON SYSTEM ALREADY); (OR, WORD PROCESSOR TYPEWRITER WITH 6000-K);

(3). 1- HOT POT (SOLD THRU DEPT. OF CORRECTIONS CANTEEN - NON BOILING HOT POT);

(4). 1- WEIGHT LIFTING BELT AND GLOVES (SOLD THRU DEPT. OF CORRECTIONS CANTEEN);

(5). 1- FINGER NAIL CLIPPERS (SOLD THRU DEPT. OF CORRECTIONS CANTEEN);

(6). 10- ADULT MENS MAGAZINES, (MILD PICTORIAL COMMERCIAL EROTICA) - WHICH HAD THREE YEAR SUBSCRIPTIONS TO EACH MAGAZINE IN 1993;

(7). 1- PAIR OF EYEGLASSES FROM THE PRISON OPTICAL SHOP AT NCCI PRISON, GARDNER, MA. (OR FROM AN OPTICAL SHOP OUTSIDE THE PRISON IN ORDER TO BUY AN ULTRA LIGHT FRAME WHICH COULD NOT BE USED AS A WEAPON);

(8). 1- RADIO SHACK T.V. ANTENNA AMPLIFIER; (TYREE HAD 2 AMPLIFIERS IN 1993);

(9). 20- TUBES OF ACRYLIC PAINTS WITH 5 BRUSHS TO PAINT;

(10). 1- SEWING KIT (SOLD THRU DEPT. OF CORRECTIONS CANTEEN).

"... FIRST, WE HAVE HELD THAT CONVICTED PRISONERS DO NOT FORFEIT ALL CONSTITUTIONAL PROTECTIONS BY REASON OF THEIR

CONVICTION AND CONFINEMENT IN PRISON... AND THAT THEY MAY CLAIM THE PROTECTION OF THE DUE PROCESS CLAUSE TO PREVENT ADDITIONAL DEPRIVATION OF... PROPERTY WITHOUT DUE PROCESS OF LAW... CONCERN WITH MINUTIAE OF PRISON ADMINISTRATION CAN ONLY DISTRACT THE COURT FROM DETACHED CONSIDERATION OF THE ONE OVERRIDING QUESTION PRESENTED TO IT: DOES THE PRACTICE OR CONDITION VIOLATE THE CONSTITUTION?..." BELL V. WOLFISH, 99 S.CT. 1861, 1877 (1979).

THE PRACTICE OF PROPERTY STRIPPING INMATES PLACED ILLEGALLY INTO PHASE-III EAST WING, VIOLATED THE DUE PROCESS RIGHTS OF TYREE, AND TYREE IS ENTITLED TO HAVE THIS USDC ISSUE INJUNCTIVE RELIEF, AND RETURN-ORDER TYREE MAY RECEIVE THE 10-PROPERTY ITEMS LISTED ABOVE ON PPS. 12-13, FORTHWITH.

### SUMMATION

(1). TYREE MOVES THIS USDC TO ORDER DEFENDANTS TO:

    (A). PAY TYREE $7,200.00 IN ATTORNEY-PARALEGAL FEE'S; AND $2,016.99, IN (MATERIAL-SUPPLIES) COST. TOTAL, DEFENDANTS ARE ORDERED TO PAY TO TYREE IS, $9,216.99;

"...THE SUPREME COURT HAS INDICATED THAT FEE APPLICATIONS SHOULD NOT RESULT IN SECONDARY LITIGATION..." TENNESSEE GAS PIPELINE CO., SUPRA., AT PAGE 636;

    (B). ALLOW TYREE TO RECEIVE, AND REPLACE DUE TO ATTRITION, THE 10 PROPERTY ITEMS ABOVE HEREIN AT. PPS. 12-13;

    (2). "...ORDINARILY, A DISTRICT COURT FACED WITH A MOTION TO RECONSIDER MUST APPLY AN INTEREST OF JUSTICE TEST..." U.S. V. ROBERTS, 978 F2d 17, 21 (1ST CIR. 1992).

    (A). IT IS IN THE INTEREST OF JUSTICE TO RECONSIDER THE USDC DECISION DATED JANUARY 12, 2010, FROM GERTNER, J., FOR THE REASONS SET OUT HEREIN ABOVE;

    (B). THE QUESTION OF THE (REQUESTED)

INJUNCTIVE RELIEF REMAINS UNDECIDED. IT WOULD BE A WASTE OF JUDICIAL RESOURCES TO HAVE AN APPEAL GO FORWARD, WITHOUT A DECISION ON THE INJUNCTIVE RELIEF SOUGHT BY TYREE, AND WHICH THE DECISION OF JANUARY 12, 2010, PROVES TYREE DESERVES- TYREE PREVAILED ON THE MERITS, AND THE USDC FOUND HIS PLACEMENT IN PHASE-III EAST WING TO BE IN VIOLATION OF THE U.S. CONSTITUTION.

IT IS PRAYED THAT THIS MOTION BE ALLOWED IN FULL.

RESPECTFULLY SUBMITTED,

William M. Tyree

WILLIAM M. TYREE
PRO SE, SBCC
P.O. BOX-8000
SHIRLEY, MA. 01464

" ITS DANGEROUS TO BE RIGHT, WHEN THE GOVERNMENT IS WRONG."
    FRANCOIS VOLTAIRE, 1750